UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD SUYDAM,

        Plaintiff,

        v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

Case No. 2:20-cv-15625
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court on the motion for an attorney fee pursuant to 42 U.S.C. § 406(b)(1) in the amount of $ 94,201.00, and the supplementation of that motion. (ECF Nos. 28, 35, 37, 38)("the Motion") The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 9,500.00 fee previously awarded to counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (ECF No. 27) For the reasons that follow, the motion is granted in part.

**I.     STANDARD**

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also

1

consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II.    PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits, alleging disability beginning November 2013, was originally filed in August 2015. (R. 476-77) Counsel entered an appearance on Plaintiff's behalf in October 2017. (R. 284-85) In July 2019, an Administrative Law Judge issued a decision finding that Plaintiff was disabled during the closed period of November 25, 2013, through October 4, 2015, but not thereafter. (R. 53-72) An appeal from that decision was filed in this Court, and counsel filed a Statement of Contentions (ECF No. 13) and a lengthy Plaintiff's Brief. (ECF No. 17) On November 24, 2021, this Court granted the parties' Consent Order reversing the Commissioner's decision and remanding the matter to the Commissioner for further proceedings. (ECF No. 23) Final Judgment was entered that same day. (ECF No. 24) This Court thereafter awarded Plaintiff an attorney's fee under the EAJA in the amount of $ 9,500.00. (ECF No. 27)

On November 30, 2023, following this Court's order of remand, Plaintiff secured a fully favorable decision. (ECF No. 28, PageID# 1431-36) Plaintiff was awarded past-due benefits totaling $ 222,891.50. (ECF No. 28, PageID# 1440-41) Three of his children[1] were also awarded past-due benefits, (ECF No. 28, PageID# 1448-49, 1454-55, 1460-61), for a total past-due

---

[1] Plaintiff's fourth child, his youngest, was not entitled to recalculated back benefits. (ECF No. 38)

benefit award of $ 376,805. (ECF No. 28, PageID# 1389) Plaintiff's counsel seeks 25% of that total past-due benefit award, for an attorney fee of $94,201.25. (ECF No. 28)

### III. DISCUSSION

The fee agreement executed by Plaintiff and his counsel authorizes a fee of 25% of all past-due benefits. (ECF No. 28, PageID# 1392-93) Plaintiff's counsel itemizes a total of 41.6 hours of attorney time expended on Plaintiff's behalf, conducted by three (3) attorneys, before this Court. (ECF No. 35, PageID# 1565, 1567, 1568).

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court notes that all the attorneys who represented Plaintiff before this Court are highly skilled, with prior experience in this area of the law ranging from 25 years to more than 40 years. (ECF Nos. 35-2, 35-3) Moreover, counsel's representation of Plaintiff before this Court was of the highest caliber and, as noted, resulted in a prompt and efficient consent order of remand. The favorable result that Plaintiff and his family ultimately realized is a testament to his counsel's competence and efforts. Furthermore, more than nine (9) years had elapsed between the time that Plaintiff filed his application for benefits and the awarding of benefits—delay that burdened his counsel as well as Plaintiff and his family—and there is no indication that Plaintiff's counsel was at all responsible for that delay. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

However, the statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. Counsel seeks a fee award of $ 94,201.25, which results in an imputed effective hourly rate of $ 2,264.45 per hour.

Counsel of record avers that her current hourly rate in non-contingency fee cases before federal courts is $ 800.00 per hour. (ECF No. 35-3, ¶ 13) The amount sought in the Motion therefore raises the specter of a windfall to the attorneys. And although "[t]he windfall analysis is not 'a way of reintroducing the lodestar method' to determine whether a fee under § 406(b) is reasonable," *Rene C. Comm'r of Soc. Sec.*, No. CV 20-8527 (RMB), 2025 WL 580442, at 2 (D.N.J. Feb. 21, 2025) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022)), this Court cannot ignore the unusually large size of the requested fee, nor the fact that the enormity of the total past-due benefits is a function, in part, of the award to Plaintiff on behalf of his minor children.[2] Of course, the additional past-due benefits awarded to Plaintiff's minor children required no additional work by his counsel, nor did that additional amount increase the risk undertaken by counsel. *See Shackles v. Barnhart*, No. CIV.A. 04-CV-0822, 2006 WL 680960, at *2 (E.D. Pa. Mar. 15, 2006) (basing the attorney's fee calculation solely on the past-due benefits awarded to the plaintiff-claimant, after excluding the amounts awarded to her minor children).

    This Court concludes that to award the entire fee sought in the Motion would result in an unwarranted windfall to counsel. The Court is unwilling, however, to discount completely the amounts of past-due benefits awarded to Plaintiff's minor children; those payments also redound to the benefit of Plaintiff. Instead, the Court concludes that a fee of $ 66,560.00 is reasonable. That fee amounts to approximately 17.66% of the total past-due benefits awarded to Plaintiff and his minor children and reflects compensation of 41.6 hours at $ 1,600.00 per hour, a rate that is twice counsel's current hourly rate for non-contingency cases. While recognizing that this calculation may be viewed as articulated in lodestar terms, the Court does not intend to base its

---

[2]If the full fee were based solely on the past-due benefits awarded to Plaintiff in his own right, the fee would amount to $55,722.87 (25% x $222,891.50).

4

conclusion on simply a lodestar analysis. Rather, the Court reaches this conclusion after considering the relevant factors set forth in *Grisbecht* but also recognizing, to a degree, the impact of the past-due benefits awarded to Plaintiff's minor children. In short, the Court concludes that this award is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

### IV. CONCLUSION

Plaintiff's Motion for Attorney Fees, ECF No. 28, is **GRANTED IN PART**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 66,560.00, which is less than 25% of the past due benefits awarded to Plaintiff and his children, be remitted **to Sheryl Gandel Mazur, Esq.** Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 9,500.00 to Plaintiff.

September 8, 2025                                *s/ Norah McCann King*
                                                 Norah McCann King
                                                 United States Magistrate Judge